| MAMES F. McKAY III, Judge.
In these consolidated actions, the plaintiff, Wes Alden, M.D., appeals the trial court’s maintaining of the defendant’s, Barbara Ferguson Lorning, exceptions of no right of action and no cause of action as well as the trial court’s granting of a partial summary judgment on the defendant’s reconventional demand seeking damages. We affirm the trial court’s maintaining of the defendant’s exception of no right of action, we reverse the trial court’s maintaining of the defendant’s exception of no right of action, and we dismiss the appeal of the trial court’s granting of the defendant’s motion for partial summary judgment under La. C.C.P. art. 1915 B(l).
FACTS AND PROCEDURAL HISTORY[1]
On February 17, 1998, Lorning and Alden executed a standard form lease for an immovable property located at 7238 General Haig Street in New Orleans. The original term of the lease was from February 23, 1998 through February 23, 1999 for and in consideration of, inter alia, a monthly rent of $1,550.00 payable in advance on the first day of each month. The lease contains the following clause:
I ¡AUTOMATIC RENEWAL — If Lessee or Lessor, desires that this lease terminate at the expiration of its term, he must give to the other written notice at least 30 days prior to that date. Failure of either party to give this required notice will automatically renew this lease on a month to month basis. If this automatically renews on a month to month basis then if Lessee or Lessor desires that this lease terminate he must give to the other written notice of the termination at least 30 days prior to the last calendar day of the month in which the lease is to terminate. If this lease automatically renews on a month to month basis then all terms and conditions of this lease remain in effect.
On March 21, 2000, Lorning sent a letter to Alden terminating the Lease effective April 30, 2000. On April 3, 2000, Lorning extended the termination date to May 15, 2000 in order to accommodate Alden by giving him an extra two weeks. This was confirmed by a further writing dated April 11, 2000. On or about March 28, 2000, Alden sent to Lorning a signed proposed residential lease which among other things proposed to extend the lease through the last day of January 2001. He also tendered a check for ten months rent. Lorn-ing did not agree to the terms and conditions of the proposed lease and never signed it; she also returned the check to Alden. In the meanwhile however, Lorn-ing had a family crisis and Alden was not required to vacate the premises by May 15, 2000.
On August 4, 2000, Lorning wrote to Alden and informed him of her decision to terminate the lease effective January 31, 2001.[2] On October 10, 2000, Lorning wrote Alden reminding him of the date to vacate and inquiring whether Alden could vacate sooner. On November 30, 2000, Lorning again wrote Alden reminding him *430 of the January 31, 2001 termination date. Another letter was sent on January 9, 2001. On January 26, 2001, Alden wrote a letter to Lorning in which he referenced her January 9, 2001 letter and also makes mention of an “agreement” |3that would allow him to stay in the house for an additional year with six months advance notice of termination.
On February 1, 2001, Lorning commenced her attempts to evict Alden by giving Alden a five-day notice to vacate and deliver the premises located at 7233 General Haig Street to her. On February 8, 2001, Lorning filed a rule for possession of the premises in First City Court, noting that she planned to move back into her house. On February 14, 2001, Alden filed an answer to the rule for possession and an exception of lis pendens; in these documents, Alden generally denied the allegations made by Lorning in the petition. A hearing on the rule for possession was held on February 15, 2001. At that hearing all parties acknowledged that the trial judge in Civil District Court had denied Alden’s request for a preliminary injunction in CDC no.2001-2267 on February 14, 2001 (this will be discussed in more detail below). Based on the denial of Alden’s request for a preliminary injunction, the trial court denied the exception of lis pendens and proceeded to hear the rule for possession. Following the hearing on the rule for possession the trial court signed a judgment in favor of Lorning making the rule absolute and ordering Alden to vacate the premises by February 19, 2001. This was affirmed by this Court.[3]
Alden filed a petition to obtain injunctive relief and a declaratory judgment that an April 29, 2000 oral agreement was valid and enforceable, and that he was entitled to retain possession of the property through the last day of October of 2001. In response to Alden’s petition, Lorning filed peremptory exceptions of no right of action and no cause of action as well as an answer and a reconventional Ldemand in which she sought damages for attorney’s fees, emotional distress and mental anguish as well as punitive damages. Subsequently, Lorning filed a motion for partial summary judgment on her reconventional demand. On August 24, 2001, the trial court maintained Lorning’s exceptions of no cause of action and no right of action and dismissed Alden’s principal demand. On May 13, 2002, the trial court granted Lorning’s motion for partial summary judgment. It is from these judgments that Alden now appeals.
DISCUSSION
There are two issues in this appeal: 1) whether the trial court erred when it maintained the Lorning’s exceptions of no cause of action and no right of action; and 2) whether the trial court erred in granting partial summary judgment on liability for Lorning’s claim of damages for abuse of process, emotional distress, mental anguish and punitive damages.
On August 24, 2001, when the trial court maintained Lorning’s exceptions of no cause of action and no right of action it recognized that a lessee has no legal basis to file a possessory action against his lessor. Civil Code article 3437 states: “The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession.” Civil Code article 3438 provides: “A precarious possessor, such as a lessee or a depositary, is presumed to possess for another although he may intend to possess *431 for himself.” According to Civil Code article 3440, a possessory action is not available to a lessee against his lessor. Therefore, the rights and obligations as between them are governed by the lease. Trinidad Petroleum Co. v. Pioneer Natural Gas Co., 381 So.2d 808 (La.1980). As this Court observed, “[t]he proper proceeding to determine the appellant’s right to remain on the appellee’s property was the eviction proceeding which the appellee |Kinitiated by serving him with the notice to vacate on February 1, 2001.” Lorning v. Alden, 2001-1126 (La.App. 4 Cir. 2/13/02), 809 So.2d 526, writ denied, 2002-1031 (La.6/7/02), 818 So.2d 772. Accordingly, we find no error in the trial court’s maintaining Lorning’s exceptions of no cause of action.
We, however, do not agree with the trial court’s maintaining of the defendant’s exception of no right of action. As explained by the Louisiana Supreme Court in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972), the exception of no right of action raises two possible questions: (1) whether the plaintiff belongs to the particular class in whose favor the law extends the remedy, and (2) whether the plaintiff has the right to invoke the remedy which the law extends only conditionally. See also Foltmer v. James, 2001-1510 (La.App. 4 Cir. 9/12/01), 799 So.2d 545. Accordingly, the exception of no right of action addresses whether the plaintiff has an interest in the matter at issue. Alden has such an interest in this case. Therefore, the trial court erred in maintaining the defendant’s exception of no right of action.
The trial court failed to certify the May 13, 2002 judgment granting the defendant’s motion for partial summary judgment as final and appealable and that no just reason for the delay of the appeal existed. Louisiana Code of Civil Procedure article 1915 B(l) states:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in the original demand, reconventional demand, cross-claim, third party claim or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
| ¿Therefore, the trial court’s granting of the defendant’s motion for partial summary judgment is not presently appeal-able. Accordingly, we dismiss, without prejudice, the plaintiffs appeal of the May 13, 2002 judgment, deferring the determination of the merits thereof until such time as the trial court ultimately determines the damages due or appropriately certifies the judgment as final, appealable, and for which no just reason for the delay of the appeal exists.
CONCLUSION
For the foregoing reasons, we affirm the trial court maintaining of the defendant’s exception of no cause of action on the principal demand, we reverse the trial court’s maintaining of the defendant’s exception of no right of action on the principal demand and we dismiss the appeal of the trial court’s granting of the defendant’s motion for partial summary judgment on the reconventional demand as a nonap-pealable judgment under La. C.C.P. art. 1915 B(l).
AFFIRMED IN PART; REVERSED IN PART; AND DISMISSED IN PART.
JONES, J., concurs.

. The defendant filed a request for judicial notice with this Court asking this Court to take judicial notice of certain facts not in the record. This request was denied. We can only take judicial notice of those things in the record or that are allowed by Louisiana Code of Evidence articles 201 and 202.

. This was done in spite of the fact that the property was now rented on a month to month basis.

. Lorning v. Alden, 2001-1126 (La.App. 4 Cir. 2/13/02), 809 So.2d 526, writ denied, 2002-1031 (La.6/7/02), 818 So.2d 772.