PAUL A. BONIN, Judge.
hThe trial court granted a partial summary judgment on only one of the three claims asserted by the plaintiffs, John Ramirez, Jr. and Iokon, LLC, against the defendants, Evonir, LLC, Evonir Network, LLC, and John Bagot III. The two remaining claims, for conversion and assault, were unaffected by the judgment. The trial judge did not designate the partial summary judgment as final and ap-pealable. Nonetheless, about sixty days after the judgment was signed, Mr. Ramirez and Iokon filed a motion for devolu-tive appeal, which was granted.
After the appeal was lodged in our court, we issued on our own motion an order to the parties to show cause why the appeal should not be dismissed because there was no right to appeal the undesig-nated partial summary judgment.[1] Because there is no doubt that the partial summary judgment was rendered under La. C.C.P. art. 966 E and there was no requisite designation of finality by the trial' judge, we dismiss the appeal because there is no right to appeal the judgment. We *262 also |2decline to exercise our supervisory jurisdiction by converting the motion for devolutive appeal to an application for supervisory writs.
We explain our decision in greater detail below.
I
Mr. Ramirez and Iokon jointly filed suit against Mr. Bagot and the Evonir entities. The petition explicitly sets forth three distinct “claims”: (1) a demand for payment of certain identified invoices under La. R.S. 9:2781, Louisiana’s open accounts law; (2) a demand for damages for conversion of property; and, (3) a demand for damages for personal injuries resulting from an assault. After some pretrial jostling, Mr. Bagot and the Evonir entities filed .a motion for partial summary judgment to dispose of the first of the three claims. This motion is contemplated and authorized by La. C.C.P. art. 966 E, which provides that “[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.”
 After the contradictory hearing, the trial judge granted summary judgment “as it pertains to Plaintiffs’ Claim regarding invoices.” Notably, however, the judgment did not contain any decretal language setting forth with particularity the relief that was being granted. See Palumbo v. Shapiro, 11-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927. And when a court renders a partial summary judgment “as to one or more but less than all of the claims, demands, issues, or | atheories against a party, ... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” La. C.C.P. art. 1915 B(l) (emphasis added). Here, there was no such designation by the trial judge.
Importantly for our purposes, “[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B).” La. C.C.P. art. 1911. Thus, without the jurisdictional designation of finality, it is not an appeal-able judgment. See Lalla v. Calamar, N.V., 08-0952, p. 6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. That is to say, Mr. Ramirez and Iokon do not have the right to appeal this judgment. See La. C.C.P. art. 2082 (“Appeal is the exercise of the right to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.”).
An appeal can be dismissed at any time when “there is no right to appeal.” La. C.C.P. art. 2162. See also Egle v. Egle, 05-0531, p. 3 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, 782 (“The appellate court may dismiss an appeal on its own motion where there is no right to appeal.”). Accordingly we dismiss this appeal.
II
We turn now to address the request of the appellees, set forth in their response to our rule to show cause why the appeal should not be dismissed, that in the event that we dismiss the appeal we nevertheless exercise our supervisory jurisdiction to review the judgment. We, however, decline to exercise our supervisory jurisdiction in this matter.
JiA
The Louisiana Constitution of 1974 provides for our appellate jurisdiction and our supervisory jurisdiction. See La. Const. Art. 5, § 10(A). “Appeal is the *263 exercise of the right of a party to have a judgment of a trial court revised, modified, set. aside, or reversed by an appellate court.” La. C.C.P. Art. 2082. “Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.” La. C.C.P. Art. 2201. As we have observed, “the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invo-cable by the litigant as a matter of right.” Livingston Downs Racing Ass’n, Inc. v. Louisiana State Racing Com’n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216. And, of course, as we discussed in Part I, ante, Mr. Ramirez and Iokon do not have a right to appeal this undesig-nated partial final judgment.
B
The proper procedural vehicle to seek immediate review of such an undesig-nated partial summary judgment rendered under Article 966 E is by application for supervisory relief. See La. C.C.P. art. 2201; Delahoussaye v. Tulane University Hospital, 12-0906, p. 4 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 562. And, under appropriate circumstances, we will exercise our discretion to convert a motion for appeal to an application for supervisory writ. Id. Here, [^however, we do not find such circumstances and do not convert the motion for appeal to an application for supervisory writ.
The standard gateway criterion for exercising our discretion to convert the appeal of an interlocutory judgment to an application for supervisory review is that the motion for appeal was filed within the thirty-day delay allowed under Rule 4-3 of the Uniform Rules—Courts of Appeal for the filing of an application for supervisory writs. See Delahoussaye, 12-0906, p. 5, 155 So.3d at 563 (“we do so only when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs”), and cases collected therein. Here, the judgment was rendered on June 17, 2014, but the motion for devolutive appeal was not filed until August 25, 2014, more than sixty days later and well beyond the thirty-day limit. Thus, the first criterion is not met.
Another important criterion we use in guiding our discretion is whether or not exercising our supervisory jurisdiction is impelled by the Herlitz factors.[2] See Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (finding confluence of factors which “dictates” consideration of and decision on an application for supervisory writs, and implying failure to exercise discretion under circumstances is an abuse of intermediate appellate court’s discretion). And, of course, the primary consideration of Herlitz is that review and decision by us would terminate the litigation. See Favrot v. Favrot, 10-0986, p. 6 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104 (emphasis in original) (“We, moreover, are persuaded by the parties’ joint representation, confirmed by our own independent review of the record, that the exercise of our supervisory jurisdiction will result in a final disposition of all issues in this case.”). Here again, neither a reversal nor an affirmation of the trial court’s judgment would terminate the litigation, even against a single party.
Another criterion is that immediate review is essential in order to avoid moot- *264 mg an important issue m the litigation or to prevent irreparable harm before a party has the opportunity to exercise its right to an appeal. See, e.g., Jones v. Next Generation Homes, LLC, 11-0407, p. 2 (La.App. 4 Cir. 10/5/11), 76 So.3d 1238, 1240 (“However, if not addressed now, this issue will become moot by the time plaintiff can file an appeal.”); Danny Weaver Logging, Inc. v. Norwel Equipment Co., 3,793, p. 4 (La.App. 2 Cir. 8/23/00), 766 So.2d 701, 703-704, citing Herlitz, 396 So.2d at 878 (“The error of a trial court in denying a proper venue exception or in transferring the case to an improper venue cannot ‘as a practical matter’ be corrected on appeal after final judgment.”) Again, this matter does not satisfy that criterion.
Guided by these criteria, none of which are satisfied here, we conclude that it would not be appropriate to convert the motion for appeal to an application for supervisory writs.
IvDECREE
The appeal by John Ramirez, Jr. and Iokon, LLC, of the partial summary judgment rendered on June 17, 2014 in these proceedings is dismissed.
APPEAL DISMISSED.

. The appellants did not respond to the rule to show cause.

. The Herlitz factors consider an "arguably incorrect” trial-court ruling which does not require the resolution of a factual dispute, and which, if reversed, would terminate the litigation. Herlitz, supra.