Judge Tiffany G. Chase
Royce D. Bufkin, Jr., (hereinafter "Bufkin") seeks review of the trial court's judgment granting lessee, Quarter Holdings, LLC's, (hereinafter "Quarter Holdings") partial motion for summary judgment and the trial court's order granting Bufkin 48 hours to vacate the premises. We find there exists a procedural issue which precludes resolution of this appeal and we dismiss Bufkin's appeal for the reasons set forth below.
FACTS AND PROCEDURAL HISTORY
On September 25, 2015, Quarter Holdings paid Bufkin a deposit, along with rent for May 2016, pursuant to a lease of property located at 808-810 Bourbon Street, in New Orleans. The lease was somewhat unconventional in that Bufkin would retain possession of the property for six months and rental payments would be suspended during that time. While access to the rear service quarters area was provided to Quarter Holdings, Bufkin failed to timely vacate the main building. Quarter Holdings maintains that the parties had a valid, written lease agreement dated September 25, 2015. It pointed out that the lease contained a five year term, beginning on November 1, 2015 and ending on October 31, 2020. Quarter Holdings argued Bufkin was in breach of the lease agreement.
On May 2, 2016, Quarter Holdings filed a petition for possession of the property and for specific performance against Bufkin. Specifically, Quarter Holdings sought possession of the property and also made a claim for damages for the time it was denied access to the premises. On June 24, 2016, Bufkin filed an answer to the petition along with a reconventional demand alleging the lease was an absolute nullity and seeking to evict Quarter Holdings.
On November 7, 2016, the trial court denied Bufkin's rule for eviction against Quarter Holdings. The judgment was signed on November 17, 2016. In the judgment, the trial court noted that Bufkin failed to prove any alleged breach of the lease and/or that written notice of any alleged breach was provided.
On November 29, 2016, Quarter Holdings moved for partial summary judgment on its possessory action, directing Bufkin to vacate the leased premises and deliver *527 possession of the premises to Quarter Holdings. On May 15, 2017, the trial court granted Quarter Holdings' motion for partial summary judgment, ordering Bufkin to vacate the leased premises and deliver possession of the property to Quarter Holdings within 48 hours of notice of signing of judgment. Notice was faxed and emailed to Bufkin on that same date. The May 15, 2017 judgment granting partial summary judgment was not designated as a final judgment and Quarter Holdings' claims for damages and court costs remain before the trial court.
On May 17, 2017, the trial court signed Bufkin's notice of intent to file supervisory writs on the judgment granting Quarter Holdings' motion for partial summary judgment and ordering Bufkin to vacate the premises. On May 19, 2017, in Case No. 2017-C-0429 (unpublished), this Court denied Bufkin's request for supervisory writs. This Court's writ denial states: "Defendant/relator seeks review of the trial court's May 15, 2017 ruling granting the plaintiff's motion for partial summary judgment and ordering that the defendant/lessor vacate the premises leased by the plaintiff/lessee within forty-eight hours of the ruling. Finding no error on the part of the trial court, we deny the writ application."
On June 19, 2017, Bufkin filed a motion for suspensive appeal in the trial court. He sought an appeal of the May 15, 2017 judgment granting Quarter Holdings' partial summary judgment and ordering Bufkin to vacate the premises.[1] On June 20, 2017, the trial court granted the motion for appeal but converted the suspensive appeal to a devolutive appeal, finding the request for a suspensive appeal was untimely.
LAW AND ANALYSIS
The May 15, 2017 judgment at issue granted Quarter Holdings' motion for partial summary judgment. La. C.C.P. art. 1915(B)(1) provides that:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
A review of the record reveals that the trial court's judgment granting the partial summary judgment was not designated as a final and appealable judgment and did not certify "that no just reason for the delay of the appeal existed."[2] Issues on the possessory action regarding damages and court costs potentially owed to
Quarter Holdings remain before the trial court. Thus, the May 15, 2017 judgment granting Quarter Holdings' motion for partial summary judgment and ordering him to vacate the premises is not a final judgment, thus not appealable. "An appeal can be dismissed at any time when 'there is no right to appeal.' "[3] A determination on the merits of Bufkin's appeal of the May 15, 2017 judgment is necessarily deferred until the issue of damages is rendered by the trial court or until the trial court "certifies *528 the judgment as final, appealable, and for which no just reason for the delay of the appeal exists."[4]
In addition, a review of Bufkin's earlier application for a supervisory writ in Case No. 2017-C-0429 demonstrates he seeks an appeal on the exact same assignments of error raised in his supervisory writ. "The proper procedural vehicle to seek immediate review of ... an undesignated partial summary judgment rendered under Article 966 E is by application for supervisory relief."[5]
CONCLUSION
Bufkin's appeal of the May 15, 2017 judgment is hereby dismissed and the case is remanded to the trial court for a final disposition of the remaining issues. This Court finds, pursuant to La. C.C.P. art. 1915(B)(1), the judgment complained of is a non-appealable judgment.
APPEAL DISMISSED; CASE REMANDED

The record reflects that Bufkin vacated the premises in October 2017.

Alden v. Lorning , 2002-1668, p.5 (La.App. 4 Cir. 3/5/03), 842 So.2d 428, 431.

Ramirez v. Evonir, LLC , 2014-1095, p.3 (La.App. 4 Cir. 4/9/15), 165 So.3d 260, 262 (quoting La. C.C.P. art. 2162 ) ).

Alden , 2002-1668, p.6, 842 So.2d at 431.

Ramirez , 2014-1095, p.4, 165 So.3d at 263.