| | | |
|---|---|---|
| **TRI-STATE OIL COMPANY, INC.** | * | **NO. 2020-CA-0076** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **DITCHARO'S LA. WILD CAUGHT SHRIMP, L.L.C.** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

<u>**CONSOLIDATED WITH:**</u>

**NO. 2020-CA-0077**

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-190, DIVISION "B"
Honorable Michael D. Clement,
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Roland L. Belsome, Judge Daniel L. Dysart)

Francis J. Lobrano
David F. Waguespack
Megan Grantham
CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX, LLC
147 Keating Drive
Belle Chasse, LA 70037
    COUNSEL FOR PLAINTIFF/APPELLANT


Leo J. Palazzo
Jason J. Markey
Mario A. Arteaga, Jr.
PALAZZO LAW FIRM, APLC
732 Behrman Highway, Suite F & G
Gretna, LA 70056
    COUNSEL FOR DEFENDANT/APPELLEE

**APPEAL DISMISSED**

**APRIL 15, 2020**

Plaintiff/appellant, Tri-State Oil Company, Inc., appeals the grant of a partial summary judgment in favor of Defendants/Appellees, Ditcharo's LA Wild Caught Shrimp, L.L.C., D. Ditcharo Jr. Seafoods, L.L.C., Derek Ditcharo, and Dominick Ditcharo (collectively sometimes referred to as "the Ditcharos").

After the appeal was lodged, this Court issued an Order to the parties to show cause as to why the appeal should not be dismissed because there is no right to appeal a partial summary judgment. Tri-State responded to the Order, noting that the trial court's judgment improperly identified Ditcharos' motion as a motion for partial summary judgment. While the trial court may have inadvertently referenced a partial summary judgment in its judgment, the judgment at issue did not dispose of all issues raised by the Ditcharos, is not designated a final, appealable judgment, and does not contain sufficient decretal language to be considered final. Accordingly, and as will be discussed more fully herein, we dismiss this appeal.

**FACTUAL BACKGROUND**

Tri-State filed suit against Ditcharo's Wild Caught Shrimp in 2018, seeking sums allegedly due on an open account, as well as attorney's fees and costs.

1

Ditcharo's LA Wild Caught Shrimp answered the suit and filed a reconventional demand against Tri-State. The reconventional demand sought damages from Tri-State, including a refund "of any and all overpayments made to" Tri-State, as well as attorney's fees, treble damages, and costs. The suit was thereafter consolidated with a suit previously filed by Tri-State against D. Ditcharo Jr. Seafoods, L.L.C., Derek Ditcharo, and Dominick Ditcharo.

On April 18, 2018, Tri-State filed Combined Motions for Summary Judgment seeking a determination that the Ditcharos owed the sums on the open account, and that Tri-State was entitled to statutory attorney's fees and costs. The Ditcharos opposed the Tri-State's motion and filed a cross motion for summary judgment, arguing that Tri-State knowingly and intentionally misrepresented the amount of fuel it delivered and sold to the Ditcharos since 1992, and asserting various theories of recovery against Tri-State. In their cross-motion, the Ditcharos sought a finding that: (1) "[t]he custom in Louisiana, as in all southern states, is that bulk fuel be sold on the basis of net gallons, not gross gallons"; (2) "Tri-State violated this custom and the law of Louisiana when it billed the Ditcharos for gross gallons of fuel and delivered only net gallons of fuel;" and (3) "[t]he Ditcharos have been harmed by this practice, and have suffered damages as a result." They also requested additional time to conduct discovery to "calculate and bring to the Court's attention the amount of financial damages [they] have sustained over the last twenty-five (25) years, estimated to be in the millions of dollars."

A hearing on the motions for summary judgment was held on August 9, 2018. By judgment dated August 29, 2018, the trial court denied Tri-State's motion for summary judgment and granted the Ditcharos' motion for summary

judgment. As previously noted, the trial court's judgment refers to the Ditcharos' motion as a "motion for partial summary judgment."

On September 10, 2018, Tri-State filed a Motion for New Trial, or Alternatively, for Clarification of Judgment, insofar as the judgment "does not provide what relief was granted without reference to other documents, which is improper under Louisiana law." On September 13, 2019, the trial court denied the motion for new trial.

Tri-State then filed an application for an application for a writ of supervisory review with this Court seeking a reversal of the denial of its motion for summary judgment on June 28, 2019. This Court denied the writ application on July 9, 2019. *Tri-State Oil Co. v. Ditcharo's LA Wild Caught Shrimp, et al.*, 19-0569 (unpub.)(La. App. 4 Cir. 7/19/19).

Tri-State then appealed the August 29, 2018 judgment, granting the Ditcharos' summary judgment, on October 11, 2019.

**DISCUSSION**

As this Court noted in its February 10, 2020 Order to show cause why this appeal should not be dismissed, an appellate court has a duty to determine, *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court. *Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr.-New Orleans*, 18-0812, p.2 (La. App. 4 Cir. 1/9/19), 263 So.3d 449, 451-452. An appellate court cannot reach the merits of an appeal unless its jurisdiction has been properly invoked by a valid final judgment. *Id.*, p.2, 263 So.3d at 452. "When a court renders a . . . partial summary judgment . . . as to one or more but less than all of the claims, demands, issues, or theories against a party, . . . the judgment shall not constitute a final judgment unless it is designated as a final

3

judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1). When a judgment lacks such a designation, "any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915(B)(2).

Tri-State notes in its Response to this Court's Order that the Ditcharo's motion was not titled a motion for partial summary judgment. However, it is clear that the motion did not seek a resolution of all issues raised by the Ditcharos. The Ditcharos' reconventional demand seeks damages, and their motion for summary judgment expressly requests additional time to conduct discovery on the issue of damages. As such, although the Ditcharos entitled their pleading as a cross-motion for summary judgment, it is clear that they were seeking only a partial summary judgment. *See Joseph v. Wasserman*, 15-1193, p. 6 n.3 (La. App. 4 Cir. 5/4/16), 194 So.3d 720, 725 ("it is the substance rather than the caption of a pleading that determines its effect.")(quoting *Brown v. Harrel*, 98-2931, p. 4 La. App. 4 Cir. 8/23/00), 774 So.2d 225, 228).

The grant of a partial summary judgment is not a final judgment unless it has been so designated pursuant to La. C.C.P. art. 1915 B, which provides, in pertinent part:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

4

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Here, the trial court did not designate the judgment as final, nor did it find "no just reason for delay;" it is, therefore, not an appealable judgment. *See Quarter Holdings, LLC v. Bufkin,* 17-0671 (La. App. 4 Cir. 2/21/18), 238 So.3d 525; *Alden v. Lorning*, 02-1668 (La. App. 4 Cir. 3/5/03), 842 So.2d 428; *Nalty v. D.H. Holmes Co.*, 99-2826 (La. App. 4 Cir. 12/27/00), 775 So.2d 695.

We also find that the judgment lacks sufficient decretal language for it to be considered a final judgment. "In addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained; stated otherwise, '[o]ne must be able to determine from the judgment itself—without any reference to an extrinsic source—the specific relief granted.'" *Lewis v. B-3 Prop.*, 18-0428, p. 2 (La. App. 4 Cir. 10/24/18), 258 So.3d 107, 109 (Citation omitted). Moreover, a "judgment that simply states that a . . . motion for summary judgment is granted, is defective and cannot be considered a final judgment." *Id.*, p. 3, 258 So.3d 107, 109 (Citation omitted).

Here, the trial court's judgment simply states:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment filed by Ditcharo's Wild Caught Shrimp, L.L.C., D. Ditcharo Jr. Seafoods, L.L.C., Derek Ditcharo, and Dominick Ditcharo, III is **GRANTED**.

It is clear that the judgment does not have sufficient decretal language to satisfy the requirements of a final, appealable judgment. It does not specify the

relief sought and can only be understood by reference to extrinsic documents. For this additional reason, the judgment is not appealable.

As we noted in *Lewis*, "[u]nder certain circumstances, this Court has exercised its discretion to convert 'appeals' of non-appealable judgments to applications for supervisory writs in those cases in which the motions for appeal were filed within the thirty-day period allowed for the filing of applications for supervisory writs." *Id.*, p. 5, 258 So.3d at 111. Here, the judgment granting the partial summary judgment was rendered on August 29, 2018 and the motion for appeal was not filed until October 11, 2019, long after the deadline for applying for a supervisory writ.

We note, too, that the period for applying for a supervisory writ was not extended by Tri-State's filing of a motion for new trial on September 28, 2018. While the trial court did not rule on the motion for new trial until September 10, 2019, our jurisprudence is well-settled that a motion for new trial does not suspend the period for applying for a supervisory writ of review. *See Llopis v. State*, 16-0041, p. 5 (La. App. 4 Cir. 12/14/16), 206 So.3d 1066, 1069, *writ denied sub nom. Llopis v. State Dep't of Health & Hosps./ Louisiana State Bd. of Dentistry*, 17-0202 (La. 3/24/17), 217 So.3d 355 (where a "judgment . . . is a non-final partial summary judgment, not appealable under the provisions of La. C.C.P. Art. 1915[,] the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30–day period for filing an application for supervisory writs established by Rule 4–3 of the Uniform Rules–Courts of Appeal.")(quoting *Carter v. Rhea*, 01-0234, p. 5 (La. App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025.

6

Accordingly, we decline to exercise our supervisory jurisdiction and convert the appeal to an application for a supervisory writ.

**CONCLUSION**

For the foregoing reasons, the appeal by Tri-State Oil Company, Inc. of the partial summary judgment rendered in August 29, 2018 is hereby dismissed.

**APPEAL DISMISSED.**