| ICLP19, LLC | * | NO. 2024-CA-0655 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| THE UNOPENED SUCCESSION OF GERALDINE STARKS, ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-00634, DIVISION "B"
Honorable Marissa Hutabarat
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

 **LOBRANO, J., CONCURS IN THE RESULT**

James E. Uschold
Mark J. Boudreau
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Charles L. Stern
Richard L. Traina
STEEG LAW FIRM, L.L.C.
201 Saint Charles Avenue, Suite 3201
New Orleans, LA 70170

      COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL CONVERTED TO WRIT; JULY 15, 2024 JUDGMENT OF
DISMISSAL WITH PREJUDICE AFFIRMED
JUNE 6, 2025**

SCJ
RDJ

This matter arises from a tax sale dispute. Appellant, Shawn Starks ("Mr. Starks"), seeks review of the trial court's July 15, 2024 judgment, which dismissed his reconventional demand to annul tax sale with prejudice. For the reasons that follow, we convert the appeal to a supervisory writ and we affirm the trial court's July 15, 2024 judgment.

**FACTUAL AND PROCEDURAL HISTORY**

Robert Earl Starks ("Mr. Robert Starks") and Geraldine Starks ("Mrs. Starks") were owners of property located at 4829 Tulip Street, New Orleans, Louisiana ("Property"). On August 13, 2019, ICLP19, LLC ("ICLP19") acquired a tax sale certificate of the Property. Mrs. Starks passed away on October 7, 2020 and Mr. Robert Starks was her surviving spouse.[1] Mr. Robert Starks died testate on August 4, 2021. Thereafter, on January 20, 2023, Mr. Starks opened a succession for his late father. On January 23, 2023, ICLP19 filed a petition to confirm and

---

[1] Mrs. Starks succession was opened on May 23, 2023.

1

quiet tax sale title, naming the Unopened Succession of Geraldine Starks and the Unopened Succession of Robert Earl Starks as defendants.[2]

A judgment of possession was rendered on January 27, 2023, placing Mr. Starks in possession of his father's interest in the Property.[3] On April 12, 2023, ICLP19 filed an amended petition to add Mr. Starks as a defendant.

On March 14, 2023, Mr. Starks filed an answer and reconventional demand for damages. Thereafter he amended his answer and reconventional demand, asserting that the purported tax sale of the property was absolutely null because the tax sale occurred before the lapse of thirty days from the date of the first advertisement.

Mr. Starks moved for summary judgment on November 6, 2023. In response, ICLP19 filed an exception of no cause of action and an opposition to Mr. Starks's motion for summary judgment. A hearing was held on the motion for summary judgment on January 11, 2024. The trial court subsequently signed a judgment on January 24, 2024, denying Mr. Starks's motion for summary judgment.

On March 21, 2024, a hearing on the exception of no cause of action was held. The trial court sustained ICLP19's exception, and ordered Mr. Starks to amend his reconventional demand to state a cause of action by March 21, 2024. The trial court signed a judgment to that effect on April 9, 2024. Mr. Starks failed to comply with the district court's order. Thereafter, on April 24, 2024, ICLP19 filed a motion to dismiss Mr. Starks's reconventional demand. Mr. Starks moved

---

[2] The petition also named the State of Louisiana-Office of Community Development and Luckmore Finance Corporation as defendants.
[3] Mr. Starks avers that he has now come into possession of 100% of the Property from his parents' respective successions.

for a devolutive appeal on May 7, 2024.[4] Subsequent to a contradictory hearing, the trial court signed a judgment on July 15, 2024 granting ICLP19's motion and dismissing Mr. Starks's reconventional demand with prejudice. This appeal follows.

## JURISDICTION

As a preliminary matter, this Court must determine whether it has subject matter jurisdiction to consider the judgment dismissing Mr. Starks's reconventional demand on an exception of no cause of action. Appellate courts are obligated to determine, *sua sponte*, whether subject matter jurisdiction is present, even when the parties do not raise the issue. *Rieth v. Munguia*, 2023-0547, p. 2 (La. App. 4 Cir. 5/30/24), 391 So. 3d 39, 43. "Although the judgment completely dismisses the reconventional demand, the judgment does not terminate the litigation between the parties—the principal demand between the parties remains." *Waiters v. deVille*, 2019-1048, p. 2 (La. App. 4 Cir. 4/22/20), 299 So. 3d 728, 731.

The right to appeal a partial final judgment is governed by La. C.C.P. art. 1915(B), which provides in relevant part "the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."[5] Nonetheless, "a trial court's

---

[4] This Court dismissed Mr. Starks appeal as the April 9, 2024 judgment was not a final, appealable judgment. *ICLP19, LLC v. The Unopened Succession of Geraldine Starks, et al.*, 2024-CA-0435.

[5] Louisiana Code of Civil Procedure article 1915(B) provides:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

certification pursuant to La. C.C.P. art. 1915(B) is not determinative of jurisdiction." *Rieth*, 2023-0547, p. 3, 391 So. 3d at 43 (quoting *McGaha v. Franklin Homes, Inc.*, 2021-0244, p. 23 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 857).

Here, the July 15, 2024 judgment is not a final appealable judgment as the dismissal of Mr. Starks's reconventional demand did not terminate litigation and the trial court failed to designate the judgment as final pursuant to La. C.C.P. art. 1915(B). However, this court has exercised its discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs when certain conditions are met. "The initial inquiry posed when we are determining whether to . . . convert an appeal to an application for supervisory review is whether "the motion for appeal was filed within the thirty-day delay allowed under Rule 4–3 of the Uniform Rules—Courts of Appeal for the filing of an application for supervisory writs." *Rieth*, 2023-0547, pp. 3-4, 391 So. 3d at 44 (quoting *Ramirez v. Evonir, LLC*, 2014-1095, p. 5 (La. App. 4 Cir. 4/9/15), 165 So. 3d 260, 263). The instant motion for appeal was filed on August 9, 2024, within the time limits for filing an application for supervisory writs. Accordingly, we exercise our discretion and convert the appeal to an application for supervisory writs.

**EXCEPTION OF NO CAUSE OF ACTION**

While Mr. Starks lists two assignments of error, the narrow issue presented in this matter is whether Mr. Stark's reconventional demand asserts a cause of action against ICLP19.[6]

---

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

***Standard of Review***

An appellate court reviews a trial court's ruling on an exception of no cause of action using the *de novo* standard of review "because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Thompson v. Hous. Auth. of New Orleans*, 2022-0729, p. 17 (La. App. 4 Cir. 5/26/23), 368 So.3d 560, 571 (citing *Herman v. Tracage Dev., L.L.C.*, 2016-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939).

All well-pleaded allegations of fact are accepted as true. *Jackson v. City of New Orleans*, 12-2742, p. 24 (La. 1/28/14), 144 So. 3d 876, 895. "'[W]ell-pleaded' refers to properly pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. It does not include allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Stanley v. Housing Authority of New Orleans*, 2023-0192, p. 18, 377 So.3d 389, 402 (citing *Strategic Med. All. II v. State*, 2022-0051, p. 6 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 59). Ultimately, an "exception of no cause of action under La. Code Civ. Proc. art. 927 A(5) questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Ass'n of Cemetery Tour Guides & Companies L3C v. New Orleans Archdiocesan Cemeteries*, 2024-0044, p. 7 (La. App. 4 Cir. 9/4/24), 401 So. 3d 797, 802 (quoting *Henderson v. State Farm Mut. Auto. Ins. Co.*, 2021- 0654, p. 4 (La. App. 4 Cir. 12/17/21), 335 So. 3d 349, 353).

---

[6] Mr. Starks assignments of errors are: 1) the trial court erred by incorrectly relying on La. R.S. § 47:2121(D) in sustaining the plaintiff's exception and dismissing reconventional demand because the trial court should have recognized that this case involves a constitutional provision and a statute in an entirely different Title of the Revised Statutes; and 2) The Trial Court erred by not acting under the doctrine of *jurisprudence constante* and following multiple decisions of this Court and others dealing with the same constitutional provision and statute establishing that the tax sale should be annulled.

### *Reconventional Demand-Absolute Nullity*

Mr. Starks's reconventional demand asserts that the tax sale of the Property occurred before the lapse of thirty days from the date of the first advertisement, therefore, the tax sale failed to satisfy the requirements of La. Const. art. VII, § 25(A)(1) and La. R.S. 43:203. Mr. Starks's further asserts that Louisiana courts continue to recognize absolute nullity where pre-tax sale notification requirements have not been met, notwithstanding La. R.S. 47:2286.[7] Mr. Starks relies on this Court's decision in *Deichmann v. Moeller*, 2018-0358 (La. App. 4 Cir. 12/28/18), 318 So.3d 833 and *Waiters v. deVille*, 2020-0556 (La. App. 4 Cir. 12/30/20), 365 So.3d 544 to support his argument.

ICLP19 countered the reconventional demand, arguing that Mr. Starks did not state a cause of action because he did not allege one of the three exclusive grounds to annul a tax sale enumerated in La. R.S. 47:2286.

Article VII, § 25(A)(1) of the Louisiana Constitution provides, in relevant part:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.

---

[7] Louisiana Revised Statute 47:2286 provides in relevant part that "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities."

The Louisiana Revised Statutes addressing "Judicial advertisements, publication, exceptions" provides in pertinent part: "[w]hen two publications are required of notice of a judicial sale by public auction, the first newspaper advertisement of such notice shall be published at least thirty days before the date of the judicial sale, and the second advertisement shall be published not earlier than seven days before, and not later than the day before, the judicial sale". La. R.S. 43:203(2).

In *Deichmann*, the defendant contended that the tax sale and resulting tax deed were absolutely null and without legal effect because the tax sale was not properly published under La. R.S. 47:2153(B), La. Const. art. VII, § 25, and the Constitution of the United States. *Deichmann*, 2018-0358, p. 3, 318 So.3d at 836. Conversely, the plaintiff argued that any failure to advertise beforehand was a redemption nullity. The *Deichmann* court observed that the plaintiff had "admitted that pre-tax-sale publication requirements were not met" and that "the pleadings fail[ed] to establish that pre-sale notice requirements were met." *Id.* at p. 7, 318 So.3d at 838. The Court found that the tax sale was an absolute nullity. *Id.* at p. 8, 318 So.3d at 838.

In *Waiters*, this Court addressed whether a defective pre-tax sale advertisement deemed the tax sale absolutely null. *Id.*, 2020-0556, 365 So.3d 544. The plaintiffs asserted that the tax sale was an absolute nullity given the notice and advertisement were constitutionally infirm. *Id.* at p. 5, 365 So.3d at 550. The Court noted that while the defendant argued that her non-compliance with La. R.S. 43:203 was a relative nullity, it was of no consequence as it was impossible for the defendant to cure the non-compliance at that point. *Id.* at p. 20, 365 So.3d at 558.

7

The Court held that the trial court did not err when it found no genuine issue of material fact to conclude the tax sale null and void. *Id.* at p. 31, 365 So.3d at 564.

Notably, this Court, in *Cloud v. Gibson*, 2023-0435 (La. App. 4 Cir. 7/30/24), 399 So.3d 604, *writ denied*, 2024-01078 (La. 11/20/24), 396 So.3d 68, examined our jurisprudence in *Deichmann* and *Waiters*. The Court found it to be problematic for the *Deichmann* court to rely on cases that dealt with pre-revision tax sales, in finding that "Louisiana courts continue to recognize an 'absolute nullity' where pre-tax-sale notification requirements have not been met, notwithstanding the provisions of La. R.S. 47:2286." *Cloud*, 2023-0435, p. 18, 399 So. 3d at 615. The Court further explained that *Waiters* "decided that defective pre-sale notice related to noncompliance with the statutory requirements for advertisement of the tax sale was sufficient to declare a tax sale null and void. [The] result was premised on the *Deichmann* Court's conclusion that Louisiana courts still recognize lack of pre-sale notice as an absolute nullity, and also on its reliance upon two cases decided well before the 2008 revisions." *Id.* at p. 19, 399 So. 3d at 616. The Court provided:

> Our plain reading of the statutory scheme laid out through the 2008 revisions indicates that, in accordance with La. R.S. 47:2122(4)(a)[8], it is of no moment that the pre-sale notices did not reach a person. Moreover, our jurisprudence instructs that "a deficiency in pre-tax sale notice is insufficient for purposes of nullifying a tax sale." *Spain v. H&H Investors, L.L.C.*, [20]23-0491, pp. 3-4 (La. App. 4 Cir. 9/26/23), 382 So.3d 312, 314 (first citing *Sunset Harbour v. Brown*, [20]22-0572, p. 6 (La. App. 4 Cir. 1/9/23), 356 So.3d 1167, 1171-72;

---

[8] Louisiana Revised Statute 47:2122(4)(a) provides:

"Duly notified" means, with respect to a particular person, that an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of any of the following:

(a) Whether the effort resulted in actual notice to the person.

then quoting *PCOF Properties, L.L.C. v. Joseph*, [20]21-0341, p. 6 (La. App. 4 Cir. 12/1/21), 332 So.3d 220, 224 n.2, "only deficiencies in post-tax sale notice provide a ground for seeking nullification of a tax sale"). On the other side of the same coin, "this Court has recognized that 'any deficiency in pre-sale notices can be cured by proper post-sale notice.'" *Id*. at p. 4, 382 So.3d at 314 (quoting *Klein v. Henderson*, [20]21-0317, p. 19 (La. App. 4 Cir. 11/17/21), 332 So.3d 764, 777 n.13).

*Id*. at p. 20, 399 So. 3d at 616-17.

In the instant case, Mr. Starks's reconventional demand sought to nullify the tax sale of the Property, contending that the tax sale was an absolute nullity due to deficiencies in pre-sale advertisement. As mentioned above, "[t]ax sales may no longer be attacked as absolute nullities." *See Stow-Serge v. Side by Side Redevelopment, Inc.*, 2020-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 76. To challenge the validity of a tax sale, one must look to La. R.S. 47:2286. We note that pursuant to La. C.C.P. art. 934, the trial court granted Mr. Starks leave to amend his reconventional demand to state a valid cause of action for relief.[9] However, Mr. Starks did not amend his reconventional demand. As such, we do not find that the trial court erred in dismissing Mr. Starks's reconventional demand with prejudice.

## CONCLUSION

For the foregoing reasons, we convert Mr. Starks's appeal to an application for supervisory writ. We affirm the trial court's July 15, 2024 judgment dismissing with prejudice Mr. Starks's claims in his reconventional demand.

---

[9] Louisiana Code of Civil Procedure art. 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

**JULY 15, 2024 JUDGMENT OF DISMISSAL WITH PREJUDICE AFFIRMED**