JiCOOKS, Judge.
This court issued a rule to show cause on October 5, 1995, why the above captioned appeal should not be dismissed as being an appeal from a nonappealable interlocutory ruling. We hereby dismiss the appeal.
On November 9, 1994, Pamela Ann Pel-afigue filed a Petition for Partition of Community Property, for Declaratory Relief, and for Specific Performance. Besides seeking partition of community property, the petition alleged that on March 18, 1992, the plaintiff and defendant, who were still legally married at the time, but whose petition for divorce had been filed some four months prior, entered into an “Agreement to Build.” Petitioner alleged defendant agreed to build a home in Lake Charles, Louisiana, and that upon completion of the home plaintiff would be given the right of use and first option to purchase at the cost of the construction of the |2home. The petition sought specific performance of this agreement. The defendant answered alleging that it was not a valid agreement and that the plaintiff never exercised the option to purchase. In the answer, defendant sought one-half of the fair rental value of the house, as well as one-half of the tax, insurance, and other expenses related to the house. The answer incorporated a rule to show cause why the plaintiff should not be paying one-half the fair rental value of the house until such time as the issue of the house and the lot is resolved, or as long as plaintiff and her husband occupy the premises. The trial court denied the rule to show cause on July 14, 1995. On August 14, 1995, defendant filed a motion and order for devol-utive appeal from the July 14, 1995 ruling. The record was lodged with this court on October 2, 1995. On October 5, 1995, this court issued a rule to show cause why the above captioned appeal should not be dismissed as being an appeal from a nonap-pealable interlocutory ruling.
La.Code Civ.P. art. 1841 states as follows:
Art. 1841. Judgments, interlocutory and final
*1136 A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ.P. art. 2083 states in perti-
nent part as follows:
Art. 2083. Judgments appealable
A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
In the present case, defendant filed a rule to show cause why the plaintiff should not pay one-half of the fair market value of the rental of the house and lot for as long as plaintiff and her husband occupy the premises. The judgment of the trial court determined that a co-owner has the right to occupy the premises without the ^obligation of paying rent to the co-owner and, denied the rule to show cause. This ruling is an interim ruling on the issue of rent pending the final determination of the validity of the agreement between the parties concerning the property. The ruling denying interim rental payments pending a final determination of the property rights between the parties is an interlocutory ruling. Such a ruling is not a final appealable judgment. This court does not find that the judgment causes irreparable injury, and therefore the ruling is not appeal-able until a final resolution of the merits. This court also declines to convert the appeal into a supervisory writ application. For these reasons the appeal is dismissed; costs of these proceedings to await the final outcome of the ease.

APPEAL DISMISSED.