11ARMSTRONG, Judge.
This is an appeal from a dismissal, based upon an exception of no cause of action, of a petition for nullity of a judgment. Because the judgment sought to be annulled (“the Challenged Judgment”) is an interlocutory judgment, and not a final judgment, and because an action for nullity may be brought only as a final judgment, we affirm the judgment of the trial court. Our decision in this appeal is without prejudice to any rights the appellant may have to. take a direct appeal of the Challenged Judgment following a final judgment in the action in which the Challenged Judgment was rendered. Our decision in this appeal also is without prejudice to any right of the appellant to apply for supervisory writs as to the Challenged Judgment or to move in the trial court for reconsideration of the Challenged Judgment.
The petition in the present case alleges as follows. First, that in the case in which the Challenged Judgment sought to be annulled was rendered (“the Original Action”), the plaintiff in the present case and in the Original Action, George A. Gorvine, served discovery requests upon defendant Tim Norton through Mr. feNorton’s counsel of record, Terry Freiberger. Mr. Gorvine brought a motion to compel responses to discovery. Neither Mr. Norton nor his counsel made an appearance at the hearing on that motion to compel and the motion was granted. Later, Mr. Gorvine brought a second motion to compel and Mr. Norton’s counsel, Mr. Freiberger, appeared. The trial court judge asked Mr. Freiberger if all of the requested discovery had been provided. After some equivocation, Mr. Freiberger stated that everything requested had been provided. The trial court then denied Mr. Gor-vine’s motion to compel and awarded to Mr. Norton, and against Mr. Gorvine, $100.00 in attorney’s fees. Later, Mr. Gorvine brought the present action seeking to nullify the judgment which denied his motion to compel and awarded against him $100.00 in attorney’s fees (i.e. the - Challenged Judgment). The basis for seeking nullification of the Challenged Judgment is that, at the hearing on the second motion to compel in the Original Action, Mr. Freiberger allegedly lied to the trial court when he said that all requested discovery had been provided. Because the present action was decided upon an exception of no cause of action, we assume, without deciding, that all of the above-recited factual allegations of Mr. Gorvine’s petition are true and we consider no evidence. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); Vogt v. Board of Levee Commissioners of the Orleans Levee District, 95-1187 (La.App. 4 Cir. 9/4/98), 680 So.2d 149, 155.
The action of nullity is governed by Articles 2001-2006 of the Code of Civil Procedure. Article 2001 states that: “The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006” (emphasis added). Mr. Gorvine argues that Mr. Freib-erger’sjhalleged lie to the trial court at the hearing on the second motion to compel in the Original Action was a fraud or ill practice under Article 2004 which article states, in pertinent part: “A final judgment obtained by fraud or ill practices may be annulled” (emphasis added). Thus, only a final judgment may be the subject of an action of nullity.
The Challenged Judgment in the Original Action which is at issue, the judgment denying Mr. Gorvine’s motion to compel and assessing against him $100.00 in attorney’s fees, is not a final judgment but is, instead, an interlocutory judgment.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are ■ entitled. It may be interlocutory or final.
*250 A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ. Proc. art. 1841. It is readily apparent that a judgment as to a discovery matter is interlocutory because it determines “only preliminary matters” and does not “determine the merits in whole or in part.”
Because only final judgments, and not interlocutory judgments, are appealable (absent irreparable harm), La.Code Civ. Proe. art.2083, there are a number of eases which, in the context of appealability, have decided whether judgments as to discovery matters are final or interlocutory. They have held, uniformly, that judgments as to discovery matters, including those awarding attorney’s fees, are interlocutory rather than final. Broda v. Jack Sutton Co., Inc., 488 So.2d 226, 227 (La.App. 4th Cir.1986); Fontenot v. Opelousas General Hospital, 525 So.2d 75 (La.App. 3rd Cir.1988); Winslow v. Goodyear Tire Co., 359 So.2d 699 (La.App. 1st Cir.1978).
Because the Challenged Judgment in the Original Action denying Mr: Gorvine’s second motion to compel discovery, and assessing $100.00 in attorney’s fees against him, is an interlocutory judgment which may not be the subject of an action of nullity, we affirm the judgment of the trial court.

AFFIRMED.