LOVE, Judge.
 

 12This appeal arises from a petition for nullity. The defendants filed a peremptory exception of no cause of action, which the trial court granted. We find the plaintiff did not allege factual allegations sufficient to state a cause of action against the defendants and affirm.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Ashton O’Dwyer, Jr. (“Mr. O’Dwyer”) filed a petition for nullity against Ernest Edwards, Joseph Shea, Jr., and Charles Talley (collectively “Defendants”) alleging that two judgments and a stay of discovery
 
 [1]
 
 were obtained through fraud or ill practices and improper procedural practices. Mr. O’Dwyer also alleged
 

 that each of the said final Judgments were obtained by fraud or ill practices, and more particularly by abuse of power by at least one, and maybe more, Supreme Court Justice, Judges of the Court of Appeal, Fourth Circuit and a Judge of Civil District Court, as well as judicial collusion and/or other judicial misconduct, and misconduct involving other State officials, including, without limitation, employees of the Office of Disciplinary Counsel and the Louisiana Department of Justice....
 

 Mr. O’Dwyer sought damages, attorney’s fees, pre-judgment interest, and costs.
 

 The Defendants filed a motion to transfer the petition for nullity to the trial |scourt division that handled the underlying matter. Additionally, the Defendants filed a peremptory exception of no cause of action, a declinatory exception of the lack of subject matter jurisdiction, and the dilatory exceptions of vagueness and nonconformity. The trial court held a combined hearing and denied the motion to transfer. The trial judge asked Mr. O’Dwyer if he was asserting that he did not “even know if these defendants engaged in any wrongdoing in terms of fraud or ill practice?” Mr. O’Dwyer responded, “I’m saying that, yes.” He then asserted that he was “enti-
 
 *310
 
 tied to discovery of their phone records, computer hard drives, and other things.” The trial court granted the exception of no cause of action and dismissed Mr. O’Dwyer’s claims with prejudice against the Defendants. The trial court held that the remaining exceptions were moot. Mr. O’Dwyer’s appeal followed.
 

 STANDARD OF REVIEW
 

 Exceptions of no cause of action present legal questions, which are reviewed using the
 
 de novo
 
 standard of review.
 
 Tuban Petroleum, L.L.C. v. SIARC, Inc.,
 
 09-0302 (La.App. 4 Cir. 4/15/09), 11 So.3d
 
 519, 522.
 

 NULLITYINO CAUSE OF ACTION
 

 Mr. O’Dwyer filed a petition for nullity seeking the annulment of a trial court judgment rendered on December 22, 2006, a trial court’s stay of discovery,
 
 [2]
 
 and an opinion of this Court dated November 26, 2007. La. C.C.P. art. 2004(A) provides that a “final judgment obtained by fraud or ill practices may be annulled.” However, the “action to annul a judgment on these grounds must be brought within Lone year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.” La. C.C.P. art. 2004(B).
 

 The Defendants filed an exception of no cause of action on the basis that Mr. O’Dwyer failed to allege facts to show that they were involved in the alleged fraud or ill practices. “The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition.”
 
 Indus. Co., Inc. v. Durbin,
 
 02-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. Louisiana utilizes fact pleading, meaning that the “mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action.”
 
 Montalvo v. Sondes,
 
 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The well-pleaded factual allegations must be accepted as true.
 
 City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist.,
 
 93-0690 (La.7/5/94), 640 So.2d 237, 241. The burden remains with the mover.
 
 Id.
 
 at p. 28, 640 So.2d at 253.
 

 “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La. C.C.P. art. 931. The petition may be amended if “the grounds of the objection pleaded by the peremptory exception may be removed.” La. C.C.P. art. 934. If the petition cannot be amended to state a cause of action and remove the grounds of the exception, the claims shall be dismissed. La. C.C.P. art. 934. “In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.”
 
 City of New Orleans,
 
 93-0690, p. 28, 640 So.2d at 253.
 

 |sMr. O’Dwyer’s petition seeks to nullify judgments obtained in favor of the Defendants, but fails to provide factual recitations that allege the Defendants were a part of the alleged collusion of various judges. The trial court judge stated at the hearing that Mr. O’Dwyer did not “make any specific allegations against these defendants” and Mr. O’Dwyer replied, “[r]ight.” The trial judge asked Mr. O’Dwyer if he was asserting that he did
 
 *311
 
 not “even know if these defendants engaged in any wrongdoing in terms of fraud or ill practice?” Mr. O’Dwyer responded, “I’m saying that, yes.” He then asserted that he was “entitled to discovery of their phone records, computer hard drives, and other things.” Mr. O’Dwyer’s response connotes that he would not be able to amend his petition to state specific factual allegations of fraud and/or ill practices committed by the Defendants.
 
 See
 
 La. C.C.P. art. 934. Accordingly, we find that the trial court did not commit legal error in granting the Defendants’ exception of no cause of action and affirm.
 

 DECREE
 

 For the above mentioned reasons, we find that the trial court correctly granted the Defendants’ exception of no cause of action, as Mr. O’Dwyer failed to allege sufficient facts to sustain a cause of action against the Defendants. Therefore, we affirm.
 

 AFFIRMED.
 

 [1]
 

 . The subject matter of the judgments sought to be annulled is irrelevant except that the Defendants in the case
 
 sub judice
 
 were identical in the underlying matter.
 

 [2]
 

 . Only final judgments can be nullified pursuant to La. C.C.P. art. 2004. Therefore, as a stay of discovery is an interlocutory judgment, a petition for nullity is the improper procedural vehicle to contest its validity.
 
 Gorvine v. Travelers Ins. Companies,
 
 98-0287, pp. 3-4 (La.App. 4 Cir. 11/18/98), 724 So.2d 248, 250.