MICHAEL E. KIRBY, Judge.
| T Plaintiff, Mildred Jones, appeals the January 4, 2011 trial court judgment denying her motion for summary judgment and ordering that counsel previously admitted pro hac vice may no longer represent her in this matter.
The denial of a motion for summary judgment is an interlocutory decree that is not appealable absent a showing of irreparable injury. La. C.C.P. art. 2083; Natty v. D.H. Holmes Co., Ltd., 99-2826, *1240 p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698; Orleans Parish School Board v. Scheyd, Inc., 95-2658, p. 1 (La.App. 4 Cir. 4/24/96), 678 So.2d 274, 275. There has been no showing of how the denial of this motion will result in irreparable injury to plaintiff. Because the denial of the motion for summary judgment is not a final ap-pealable judgment, we are dismissing without prejudice the portion of plaintiffs appeal relating to the denial of the motion for summary judgment. Although plaintiff does not have the right to an immediate appeal on this issue, she has not lost her right to appeal the denial of her motion for summary judgment after final judgment is rendered adjudicating all of the claims, demands, issues and theories as to all parties.
|2An order granting a motion for a visiting attorney to appear pro hac vice is an interlocutory judgment, and therefore, is not appealable. Williams v. City of New Orleans ex rel. Public Belt R.R. Com’n of City of New Orleans, 2002-1127, p. 9, (La.12/4/02), 831 So.2d 947, 954. Similarly, the revocation of an appointment of counsel pro hac vice is also not a final appealable judgment, as it does not determine the merits of the case in whole or in part. La. C.C.P. Arts. 1841, 2083. However, if not addressed now, this issue will become moot by the time plaintiff can file an appeal.
This Court has converted appeals of nonappealable interlocutory judgments to applications for supervisory writs in cases where the appeals were filed within the thirty day period allowed for the filing of applications for supervisory writs. See Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 2009-1528 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149; Rule 4-3, Uniform Rules — Courts of Appeal. Because plaintiff in the instant case filed her motion for appeal within thirty days of the judgment at issue, we will convert the appeal to an application for supervisory writs on the limited issue of the revocation of co-counsel’s pro hac vice status, and consider it under our supervisory jurisdiction.
In this case, plaintiff entered into a contract whereby the defendants were to provide her with a modular home. Plaintiff filed suit alleging a breach of contract and seeking to invalidate a lien filed in the mortgage and conveyance records. Plaintiff was represented by local counsel, and Reverend Rickey Nelson Jones |Hfiled an application to represent plaintiff as co-counsel pro hac vice. The trial court granted the application of Reverend Jones.
The defendants subsequently filed a re-conventional demand, asserting claims against both plaintiff and Reverend Jones. Defendants alleged in their demand that the actions of Reverend Jones interfered with the defendants’ ability to comply with the contract. Plaintiff then filed a motion for summary judgment, which was later denied. At the hearing on the motion, the trial court stated that Reverend Jones could no longer represent plaintiff because he was now a party to the lawsuit. The trial court revoked the order granting Reverend Jones’ application to appear as co-counsel pro hac vice on behalf of plaintiff.
Rule 3.7(a) of the Louisiana Rules of Professional Conduct states:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
*1241 (3) Disqualification of the lawyer would work substantial hardship on the client.
Reverend Jones is likely to be a necessary witness in this matter based on the allegations of the reconventional demand. His testimony would relate to a contested issue (i.e. his alleged role in defendants’ inability to comply with the contract with plaintiff), and not to the nature and value of his legal services in this Rmatter. Additionally, plaintiff has been represented by local counsel since the filing of the petition in this case so the revocation of Reverend Jones’ status as counsel pro hac vice will not work a substantial hardship on plaintiff.
Rule 17 § 18(A)(3)(v) of the Rules of the Supreme Court of Louisiana states that “[a]dmission to appear as counsel pro hac vice in a suit may be revoked for any of the reasons listed in subpart (A)(3)(iv)[1] above, or for any other reason the court or agency, in its discretion, deems appropriate.” (Emphasis ours.) We find no abuse of the trial court’s discretion in its decision to revoke Reverend Jones’ admission to appear as counsel pro hac vice on behalf of plaintiff.
For the reasons stated above, we dismiss the appeal of the denial of plaintiff’s motion for summary judgment without prejudice. We convert the appeal of the trial court’s revocation of co-counsel’s pro hac vice status to an application for supervisory writs. We deny the writ application, and affirm the trial court’s ruling revoking Reverend Jones’ pro hac vice status.
APPEAL OF DENIAL OF SUMMARY JUDGMENT DISMISSED WITHOUT PREJUDICE; APPEAL OF REVOCATION OF CO-COUNSEL’S PRO HAC VICE STATUS CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; WRIT DENIED.

. Subpart (A)(3)(iv), entitled "Standard for Admission and Revocation of Admission,” states:
The courts and agencies of this state have discretion as to whether to grant motions and applications for admission pro hac vice. A motion seeking pro hac vice admission ordinarily should be granted unless the court or agency finds reason to believe:
(a) The admission may be detrimental to the prompt, fair and efficient administration of justice;
(b) The admission may be detrimental to legitimate interests of the parties to the proceedings other than the client(s) the applicant proposes to represent;
(c) One or more of the clients the applicant proposes to represent may be at risk of receiving inadequate representation and cannot adequately appreciate the risk;
(d) The applicant has engaged in frequent appearances as to constitute regular practice in this state;
(e) The applicant attorney is not competent or ethically fit to practice; or
(f) The applicant has failed to otherwise comply with the requirements of these rules.