MADELEINE M. LANDRIEU, Judge.
h The plaintiffs appeal the trial court’s judgment, which granted the exception of prescription filed by The Administrators of the Tulane Educational Fund, d/b/a Tulane Health Sciences Center [hereinafter “the Administrators”], and dismissed the plaintiffs’ medical malpractice claims against that defendant. For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEEDINGS BELOW
On August 11, 2006, the plaintiffs, Mr. and Mrs. Benton Delahoussaye, III, filed a petition in civil district court against Tulane Hospital and Clinic [hereinafter “Tulane Hospital”] and the Administrators,[1] alleging eighteen separate acts of negligence relating to the treatment of Mr. Delahoussaye at Tulane Hospital during the immediate aftermath of Hurricane Katrina’s landfall on August 29, 2005. Contemporaneous with the filing of the petition, the plaintiffs filed a request for a Medical Review Panel against Tulane Hospital only.
li>Both defendants in the civil action raised exceptions of prematurity. The trial court granted these exceptions with respect to all the plaintiffs’ allegations except one, finding that all but that one allegation sounded in medical malpractice and therefore had to be considered by a Medical Review Panel before the civil litigation could proceed. The defendants filed a writ application in this court, which we granted in part and denied in part. We found that fourteen allegations sounded in medical malpractice, and the remaining four allegations (the one that had been singled out by the trial court, plus three others) did not fall within the ambit of the Medical Malpractice Act and therefore could proceed without being considered by a Medical Review Panel.[2] The Louisiana Supreme Court denied writs.[3]
The fourteen medical malpractice allegations were presented to a Medical Review Panel, which rendered an opinion on September 23, 2010 finding that Tulane Hospital had not breached the applicable standard of care. On December 10, 2010, the plaintiffs filed a second lawsuit against both defendants alleging the same fourteen acts of medical malpractice, plus two new allegations. The second suit was consolidated with the first in the district court. The Administrators and Tulane Hospital both raised exceptions of prematurity to the plaintiffs’ second petition. Tulane Hospital’s exception was raised as to the two new allegations only. The Administrators’ exception was based on the fact that none of the ^allegations in the second petition had been considered by a Medical Review Panel as to the Administrators.
*562 On March 2, 2011, before the exceptions of prematurity were heard, the plaintiffs filed a second request for a Medical Review Panel, this time naming both defendants. The plaintiffs subsequently dismissed without prejudice all their claims in the consolidated lawsuit except the four allegations that this court had previously held to fall outside the ambit of the Medical Malpractice Act. Following this dismissal without prejudice, the Administrators filed an exception of prescription asserting that the fourteen medical malpractice allegations that had been considered by the Medical Malpractice Panel against Tulane Hospital only, and the two new allegations made in the plaintiffs’ second petition, were prescribed as to the Administrators. After hearing this exception, the trial court rendered written judgment on February 27, 2012 granting the exception and dismissing with prejudice all of the plaintiffs’ claims against the Administrators except the four allegations in the first petition that had been determined to fall outside the realm of the Medical Malpractice Act.
The plaintiffs appeal that judgment. Before addressing the merits, this court must determine whether we have jurisdiction to consider the appeal.
APPELLATE JURISDICTION
From the above narrative, it becomes clear that the judgment on appeal dismissed some, but not all, of the plaintiffs’ claims against one defendant, the ^Administrators. We therefore must consider whether it is an appealable judgment. See La. C.C.P. art. 2083. La. C.C.P. art. 1915 B provides, in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reeon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
Because the judgment in question did not dismiss all the plaintiffs’ claims against the Administrators, it falls squarely within the ambit of article 1915 B. Therefore, it is not appealable absent designation as a final judgment by the trial court. No such designation appears in the record, nor do the appellants assert that they have sought or obtained one. We therefore lack appellate jurisdiction.
The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. La. C.C.P. art. 2201; Gieck v. Tenet Healthcare Corp., 2007-1597, p. 3 (La.App. 4 Cir. 1/23/08), 976 So.2d 767, 769; Lalla v. Calamar, N.V., 2008-0952, pp. 5-6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. Under certain circumstances, this court has exercised its discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ. Reed v. Finklestein, 2001-1015, p. 3 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1033-34; Lalla v. Calamar, supra; Favrot v. Favrot, 2010- *563 0986, p. 2 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102.[4] |fiHowever, we do so only when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal. See: Reed v. Finklestein, supra; Francois v. Gibeault, 2010-0180, p. 2 (La.App. 4 Cir. 8/25/10), 47 So.3d 998, 1000; Jones v. Next Generation Homes, LLC, 2011-0407, p. 2 (La.App. 4 Cir. 10/5/11), 76 So.3d 1238, 1240, writ denied, 2011-2401 (La.11/23/11), 76 So.3d 433; Barham, Warner & Bellamy, L.L.C. v. Strategic Alliance Partners, L.L.C., 2009-1528, pp. 4-5 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152. Additionally, this court has found it appropriate to exercise its supervisory jurisdiction only in cases where the circumstances indicate that immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court’s decision would terminate the litigation. Reed v. Finklestein, supra. See also, Jones v. Next Generation Homes, LLC, supra (court found that the issue — revocation of appointment of counsel pro hoc vice— would become moot by the time the trial court’s decision was ripe for appeal).
None of these conditions is present here. The trial court’s judgment was rendered (and the notice of signing of judgment was mailed) on February 27, 2012. The motion for devolutive appeal was filed thirty-three days later, on March 30, 2012. Moreover, because there are issues remaining to be litigated between the plaintiffs and the Administrators, review of the trial court’s decision at this juncture would not result in termination of the litigation as to any party. The plaintiffs have not lost their right to appeal the February 27, 2012 judgment once a final judgment has been rendered as to all claims and all parties, nor have they lost | ^the option of requesting that the trial court certify the judgment as final pursuant to La. C.C.P. art. 1915 B.[5]
For these reasons, we decline to exercise our discretion to consider the plaintiffs’ motion for appeal as an application for supervisory writ. Accordingly, we dismiss the appeal for lack of jurisdiction.
CONCLUSION
For the reasons stated, the appeal is dismissed.
APPEAL DISMISSED

. The Administrators of the Tulane Educational Fund is the entity that employs the physicians who work at Tulane Hospital.

. See Delahoussaye v. Tulane University Hosp. and Clinic, 2009-1046 (La.App. 4 Cir. 9/16/09), unpub.

. See Delahoussaye v. Tulane University Hosp. and Clinic, 2009-2228 (La. 12/18/09), 23 So.3d 942.

. Not all circuits in Louisiana follow the same practice. See, Woodlands Homeowner’s Ass'n, Inc. of Hammond v. Arvello, 96-0517 (La.App. 1 Cir. 12/20/96), 694 So.2d 386, 387; Daniels v. Hancock Fabric Store, 2000-2556, p. 3 (La.App. 1 Cir. 12/28/01), 804 So.2d 965, 966; In re Succession of Linder, 05-640, p. 4 (La.App. 5 Cir. 2/14/06), 924 So.2d 293, 295; Pelafigue v. Sudduth, 95-1305, p. 3 (La.App. 3 Cir. 12/7/95), 666 So.2d 1135, 1136.

. See Fraternal Order of Police v. City of New Orleans, 2002-1801, pp. 3-5 (La. 11/8/02), 831 So.2d 897, 899-900, wherein the court held that a motion to certify a partial judgment as final for purposes of immediate appeal does not have to be filed within a specific time period after the trial court’s issuance of the judgment and that the delay for filing an appeal of a partial judgment begins on the day the notice of signing a motion to certify is mailed.