| MAJOR TRACY RILEY (US ARMY RETIRED) | * | NO. 2020-CA-0262 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| PLAQUEMINES PARISH SHERIFF'S OFFICE, GERALD A. TURLICH, JR. SHERIFF OF PLAQUEMINES PARISH, WILLIAM LARSON, SAC WIRELESS, AND VERIZON WIRELESS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 65-184, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

Michelle Charles
NOLA Attorney's Legal Services
1901 Manhattan Blvd., Suite 105
Harvey, LA 70058

    COUNSEL FOR PLAINTIFF/APPELLANT

W. Evan Plauche'
Michael L. Cohen
HAILEY McNAMARA HALL LARMANN & PAPALE L.L.P.
One Galleria Boulevard, Suite 1400
P. O. Box 8288
Metairie, LA 70011-8288

    COUNSEL FOR DEFENDANT/APPELLEE

                               **APPEAL DISMISSED**
                               **SEPTEMBER 9, 2020**

RBW

SCJ

DNA

The Plaintiff-Appellant appeals the trial court's denial of her *In Forma Pauperis* application. For the reasons that follow, we dismiss the appeal.

## PROCEDURAL BACKGROUND

On April 4, 2019, Plaintiff-Appellant, Major Tracy Riley (U.S. Army, Retired) ("Major Riley"), filed suit against Defendants-Appellees, Plaquemines Parish Sheriff's Office, Gerald A. Turlich—Sheriff of Plaquemines Parish, William Larson, SAC Wireless, and Verizon Wireless ("Defendants-Appellees"), alleging, *inter alia*, intentional infliction of emotional distress. On April 9, 2019, Major Riley filed an *In Forma Pauperis* Affidavit, which was subsequently denied by the trial court on April 12, 2019, with a notation stating the following: "Does not qualify under Federal Poverty Guidelines for *In Pauperis Status*."

1

On July 26, 2019, Defendant, SAC Wireless, filed a Peremptory Exception of No Cause of Action in response to the Petition for Damages filed by Major Riley. On July 29, 2019, Verizon Wireless (whose proper name is Cellco Partnership d/b/a Verizon Wireless) filed an Answer with Affirmative Defenses to the Petition for Damages. On August 22, 2019, Verizon Wireless filed a Peremptory Exception of No Cause of Action against the Petition for Damages. Likewise, on August 23, 2019, William Larson filed a Peremptory Exception of No Cause of Action. On August 28, 2019, Sheriff Gerald A. Turlich, Jr., filed an Answer with Affirmative Defenses in response to the Petition for Damages.

The Peremptory Exceptions of No Cause of Action filed by three (3) of the defendants—Verizon, SAC and William Larson—were set for hearing for September 16, 2019. However, on September 13, 2019, Major Riley requested and was granted a continuance of that hearing date. On October 16, 2019, Major Riley filed an amended Petition for Damages wherein she alleged, *inter alia,* malfeasance on the part of the Plaquemines Parish Sheriff's Office through Deputy Joey Reese and Lt. J. McDaniel and negligent infliction of emotional distress caused by William Larson, SAC Wireless and Verizon Wireless. On October 18, 2019, Defendants SAC Wireless and William Larson filed a supplemental memorandum in support of their Peremptory Exception of No Cause of Action.

The Peremptory Exceptions of No Cause of Action filed by Verizon, SAC Wireless and William Larson were heard on October 21, 2019. On October 28, 2019, the trial court issued a judgment, with reasons for judgment, and granted the

2

exceptions pertaining to Verizon, SAC Wireless, and William Larson regarding Major Riley's claims of negligent infliction of emotional distress against each aforementioned Defendant.

On December 16, 2019, Major Riley filed a Motion and Order for Devolutive Appeal from the October 28, 2019 judgment granting the Peremptory Exceptions of No Cause of Action pertaining to the claims of negligent infliction of emotional distress. On February 12, 2020, the trial court issued a judgment granting the Peremptory Exception filed by and dismissing, with prejudice, Cellco Partnerhsip d/b/a Verizon Wireless' Peremptory Exception regarding the intentional infliction of emotional distress claim.[1] Subsequently, the trial court granted Major Riley's Motion for Devolutive Appeal and set a return date of February 20, 2020. On January 14, 2020, the Clerk of Court for Plaquemines Parish issued an estimated appeal costs statement in the amount of $1,258.25. On February 5, 2020, Major Riley filed an *In Forma Pauperis* Affidavit, seeking to file the appeal without pre-paying the costs. On February 12, 2020, the trial court denied the application and stated, "The assets and income of the parties greatly exceed the poverty guidelines established for *In Forma Pauperis* status." Major Riley now appeals the trial court's denial of the *In Forma Pauperis* application.

## DISCUSSION

"Before considering the merits in any appeal, appellate courts have the duty to determine[,] *sua sponte*[,] whether subject matter jurisdiction exists, even when

---

[1] Major Riley only filed a motion and order for devolutive appeal from the October 28, 2019 judgment, not from the February 12, 2020 judgment.

the parties do not raise the issue." *Moon v. City of New Orleans*, 2015-1092, p. 5 (La. App. 4 Cir. 03/16/2016), 190 So.3d 422, 425 (citing, *West Jefferson Medical Center Staff ex rel. Boraski v. State,* 2009-1365, p. 2, (La. 2/26/2010), 28 So.3d 257, 258; *Boudreaux v. State Dept. of Transp. and Development*, 2001-1329, p. 8 (La. 2/26/2002), 815 So.2d 7, 13). In accordance with La. C.C.P. art. 2083, this court's appellate jurisdiction extends to final judgments and to interlocutory judgments that are expressly provided by law. "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. art. 1841. Contrarily, "[a] judgment that determines the merits in whole or in part is a final judgment." *Id.*

In accordance with the aforementioned statutory provisions, we find that the "order" denying Major Riley's *In Forma Pauperis* status, is not a "judgment" that determines the merits of the instant matter, in whole or in part; nor is it an interlocutory judgment that the law expressly provides a basis for an appeal. The order denying *In Forma Pauperis* determined a preliminary matter in the course of the underlying action for which the law does not express provide a basis for an appeal therefrom. Accordingly, we lack appellate jurisdiction.

"The proper procedural vehicle to seek review of an interlocutory judgment that is not [] appealable is an application for supervisory writ." *Delahoussaye v. Tulane Hospital and Clinic*, 2012-0906, p. 4, (La. App. 4 Cir. 2/20/2013), 155 So.3d 560, 562, citing La. C.C.P. art. 2201. "Under certain circumstances, this court has exercised its discretion to convert the appeal of an interlocutory judgment

4

into an application for supervisory writ." *Id.* (citing, *Reed v. Finklestein*, 2001-1015, p. 3 (La. App. 4 Cir. 01/16/02), 807 So.2d 1032, 1033-34). The aforementioned circumstances dictate that a conversion can only be done when the appeal is filed within the thirty-day time period mandated for filing a supervisory writ application pursuant to Rule 4-3 of the Uniform Rules, Courts of Appeal.

In the instant matter, the order denying Major Riley's *In Forma Pauperis* application was executed on February 12, 2020. The motion and order for appeal was not filed until March 17, 2020, which was approximately thirty-four (34) days after the order that denied the *In Forma Pauperis* application. In order for us to consider it as a supervisory writ application, the motion and order for appeal should have been filed by no later than March 13, 2020. However, because it was not timely filed, we are unable to convert the appeal to a writ application.

## **DECREE**

For the aforementioned reasons, the appeal is dismissed.

**APPEAL DISMISSED**