IN RE:  SUCCESSION OF
PEARLIE MAE BRIDGES
JEFFERSON

\*      NO. 2021-CA-0620

\*

     COURT OF APPEAL

\*

     FOURTH CIRCUIT

\*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-00574, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)



Thomas G. Donelon
Attorney at Law
8020 Crowder Blvd.
New Orleans, LA 70127

     COUNSEL FOR APPELLANT


Elaine Appleberry
LAW OFFICE OF ELAINE APPLEBERRY
405 Gretna Boulevard
Suite 107
Gretna, LA 70053

     COUNSEL FOR APPELLEE


     **APPEAL DISMISSED**
     **MARCH 09, 2022**

TGC
EAL
PAB

This is a succession case. Craig Jefferson (hereinafter "Mr. Jefferson") appeals the trial court's June 17, 2021 judgment ordering him to make rental payments to the decedent's estate. After a review of the record, we dismiss the appeal for lack of appellate jurisdiction, finding the June 17, 2021 judgment interlocutory and non-appealable.

## FACTS AND PROCEDURAL HISTORY

Pearlie Mae Jefferson (hereinafter "decedent") died intestate on November 8, 2019, survived by her three adult children, Mr. Jefferson; Fred W. Jefferson; and Tara Jefferson McKnight (hereinafter "Ms. McKnight"). Mr. Jefferson lived with his mother before her death, and continued to reside in her former home (hereinafter "the property") after her death. Ms. McKnight filed a petition for administration of decedent's succession and was appointed administratrix of decedent's estate. As part of her duties, Ms. McKnight planned to take inventory of the property. However, when she appeared at the property to begin the inventory, Mr. Jefferson denied her access. As a result, Ms. McKnight filed a motion requesting that the trial court order Mr. Jefferson to vacate the property, or alternatively order him to pay fair market rental value to decedent's estate. The trial court held a hearing on the issues raised in the motion, and signed a judgment on October 2, 2020 that ordered Mr. Jefferson to allow an appraiser to determine the fair market rental value of the property, and further ordered him to pay two-thirds of that amount monthly to the estate from the date of judicial demand. The judgment also ordered Mr. Jefferson to allow Ms. McKnight to perform an inventory of the property.

1

Thereafter, Ms. McKnight asserted in a rule that Mr. Jefferson had prevented appraisal of the property and was hindering progression of the case. She requested that the trial court hold him in contempt and order him to vacate the premises. Mr. Jefferson responded by filing a motion to remove Ms. McKnight as administratrix. Ms. McKnight then sought court authority to list the property for sale.

The trial court conducted a hearing on Ms. McKnight's rule for contempt and motion to vacate the premises. Both motions were denied. However, during the hearing the trial court reconsidered its judgment of October 2, 2020. The trial court found that the succession had the right to collect rent from Mr. Jefferson from the decedent's date of death rather than the date of judicial demand. Thus, in a judgment dated June 17, 2021, the trial court ordered Mr. Jefferson to pay rent to the estate at the full fair market value, from the date of decedent's death. On August 18, 2021, Mr. Jefferson filed a motion for appeal seeking review of the trial court's June 17, 2021 judgment. On November 8, 2021, this Court ordered Mr. Jefferson to show cause why the appeal should not be dismissed for lack of appellate jurisdiction. Mr. Jefferson filed a memorandum in opposition to dismissal of his appeal on November 17, 2021.

## DISCUSSION

### Appellate Jurisdiction

Appellate courts have the duty to examine their subject matter jurisdiction *sua sponte*, even if the litigants do not raise the issue. *Phipps v. Schupp,* 2017-0067, p. 3 (La.App. 4 Cir. 7/19/17), 224 So.3d 1019, 1021-1022. "Appeals from orders or judgments rendered in succession proceedings are governed by the rules applicable to appeals in ordinary proceedings, except that an order or judgment confirming, appointing, or removing a succession representative, or granting an

interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal." La. C.C.P. art. 2974.

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly provided by law. La. C.C.P. art. 2083; *Riley v. Plaquemines Par. Sheriff's Office,* 2020-0262, p. 4 (La.App. 4 Cir. 9/9/20), ___ So.3d ____, 2020 WL 5405923, *2. The trial court's June 17, 2021 judgment determines only certain issues in the succession, namely whether Mr. Jefferson owes the estate rent for his use of the property; the amount of the rent; and the payment starting date. As the judgment is not conclusive of the succession proceeding, it does not constitute a final judgment. *Matter of Succession of Smith,* 2020-1139, p. 4 (La.App. 1 Cir. 6/2/21), 326 So.3d 1252, 1254.

The Code of Civil Procedure grants the right to an immediate appeal of certain judgments rendered in succession proceedings; however, the present judgment is not among those identified by the code. *See* La. C.C.P. art. 3308 (judgment homologating tableau of distribution may be suspensively appealed); La. C.C.P. art. 3337 (judgment homologating an account is a "final judgment"); La. C.C.P. arts. 2122 and 2974 (governing appeals of orders appointing or removing a succession representative). Thus, the judgment is appealable only as provided by La. C.C.P. art. 1915. *See In re Succession of Toncrey*, 1998-2342 (La.App. 4 Cir. 12/9/98), 725 So.2d 59.

La. C.C.P. art. 1915(A) provides that a judgment which does not adjudicate all of the issues in a case may be deemed "final" and therefore appealable if it dismisses the suit as to less than all of the parties; is a judgment on the pleadings; is a judgment granting a motion for summary judgment other than pursuant to La.

C.C.P. art. 966(E);[1] is a judgment on either the principal or incidental demand, when the two have been tried separately; is a judgment on the issue of liability when it has been tried separately; or is a judgment imposing sanctions or disciplinary action. La. C.C.P. art. 1915(B)(1) states that when a court renders a partial judgment as to one or more but less than all of the claims against a party, the judgment may constitute a final judgment if the court designates it as such after an express determination that there is no just reason for delay.

The June 17, 2020 judgment does not fall within any of the categories of partial judgments which may be appealed under La. C.C.P. art. 1915(A). Because the judgment determined one or more but less than all of the issues involved in the case, it falls within the ambit of La. C.C.P. art. 1915(B). It is therefore not appealable absent designation by the trial court as a final judgment after a determination that there is no just reason for delay. No such designation appears in the record. Thus, the judgment is an interlocutory judgment which is not subject to immediate appeal. *See Delahoussaye v. Tulane University Hosp. and Clinic,* 2012–0906, 2012–0907, p. 4, (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 562.

### Supervisory Jurisdiction

"The proper method to seek review of an interlocutory judgment is through an application for supervisory writs." *Hummel v. Reg'l Transit Auth.,* 2021-0226, p. 3 (La.App. 4 Cir. 11/10/21), 331 So.3d 421, 424. In *Mandina, Inc. v. O'Brien,* we recognized that, under certain circumstances, this Court "has exercised its discretion to convert an appeal of an interlocutory judgment that is not

---

[1] La. C.C.P. art. 966(E) states that a summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.

immediately appealable into a supervisory writ application." *Id.,* 2013-0085, p. 7, (La.App. 4 Cir. 7/31/13), 156 So.3d 99, 104. Those circumstances require that two conditions be met:

> (i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.

> (ii) ... [T]he circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Id.,* 2013-0085, p. 8, 156 So.3d at 104, citing *Delahoussaye*, 2012-0906, pp. 4-5, 155 So.3d at 563.

> Under Rule 4-3 of the Uniform Rules, Courts of Appeal:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914.

Our jurisprudence is replete with cases in which appellate courts converted appeals of interlocutory judgments into applications for supervisory writs when the motions for appeal were filed within thirty days of the judgment under review. *See, e.g., Mandina; Jones v. Next Generation Homes, LLC,* 2011–0407 (La.App. 4 Cir. 10/5/11), 76 So.3d 1238; *Barham, Warner & Bellamy, L.L.C. v. Strategic All. Partners, L.L.C.,* 2009-1528, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152 ("[b]ecause the petition for appeal was filed more than thirty days after the August 12, 2009 judgment, we cannot convert the appeal of August 12, 2009 [judgment] to an application for supervisory writs"); *Delahoussaye,* 2012-0906, p. 5, 155 So.3d at 563 ("we [convert the appeal of an interlocutory judgment into an application for supervisory writ] only when the motion for appeal has been filed

5

within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Court of Appeal").

The trial court rendered its written judgment on June 17, 2021. The motion for appeal was filed on August 18, 2021, sixty-two days after the judgment was rendered. As the motion for appeal was filed beyond the thirty day period applicable to supervisory writs contained in Uniform Rule 4–3, we dismiss this appeal for lack of jurisdiction. *See Delahoussaye,* 2012–0906, p. 6 (La.App. 4 Cir. 2/20/13), 155 So.3d at 563.

**APPEAL DISMISSED**