**MARGEAUX FAIRLEY**      *      **NO. 2022-CA-0247**

**VERSUS**      *

     **COURT OF APPEAL**

**JARED MERTENS POCHE,**      *
**LIVE NATION WORLDWIDE,**      **FOURTH CIRCUIT**
**INC. AND SMG**      *

     **STATE OF LOUISIANA**

     **\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00362, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**JENKINS, J., CONCURS IN THE RESULT**

Ryan P. Reece
THE REECE LAW FIRM, LLC
4933 Utica Street
Metairie, LA 70006

     COUNSEL FOR PLAINTIFF/APPELLEE

Jeannie Cheng Prudhomme
LOUISIANA DEPARTMENT OF JUSTICE
556 Jefferson Street, Suite 400
Lafayette, LA 70501

Craig J. Hebert
LOUISIANA DEPARTMENT OF JUSTICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLANT

                       **APPEAL DISMISSED**
                       **SEPTEMBER 7, 2022**

The State of Louisiana, through the Louisiana Stadium and Exposition District, SMG, and ASM Global, L.L.C. (hereinafter collectively "the State"), seeks review of the portion of the trial court's February 1, 2022 judgment awarding Margeaux Fairley (hereinafter "Ms. Fairley") $750.00 in attorney's fees.[1] For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

The underlying facts of this matter can be found in this Court's previous opinion. *Fairley v. Poche*, 2020-0282, 2020-0308, pp. 1-2 (La.App. 4 Cir. 2/3/21), 313 So.3d 426, 427-28.

On June 29, 2021, Ms. Fairley filed a "Fourth Motion to Compel and for Attorney's Fees and Costs" requesting the court order the State to provide discovery responses and produce certain documents. The matter was heard by the trial court on December 10, 2021. By judgment dated February 1, 2022, the trial

---

[1] The judgment also granted in part and denied in part Ms. Fairley's motion to compel. The State is not appealing the rulings on the motion to compel.

court granted in part and denied in part Ms. Fairley's motion to compel and ordered the State to pay Ms. Fairley's "attorney's fees in the amount of $750.00 plus costs[,] all costs incurred with the Fourth Motion to Compel." On March 18, 2022, the State filed a motion for devolutive appeal seeking review of the portion of the February 1, 2022 judgment awarding attorney's fees.

On April 19, 2022, Ms. Fairley filed a motion to dismiss appeal for lack of subject matter jurisdiction with this Court. Ms. Fairley argued that the February 1, 2022 judgment is a non-appealable interlocutory judgment. By order dated April 26, 2022 this Court deferred the motion to dismiss to the panel ultimately assigned to decide the merits of the appeal. On April 28, 2022, Ms. Fairley filed an answer to appeal asserting the same arguments in her motion to dismiss.

**JURISDICTION**

Judgments are either interlocutory or final. La. C.C.P. art. 1841. "A judgment that does not determine the merits in whole or in part is a final judgment." *Id*. "A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under [La. C.C.P. art.] 1814." La. C.C.P. art. 2083(A). Conversely, "[a]n interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083(C). "When a court renders a partial judgment…or sustains an exception in part…the judgment shall not constitute a final judgment unless it is designated as a

2

final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1).[2]

The February 1, 2022 judgment grants in part and denies in part Ms. Fairley's motion to compel. The portion of the judgment for which the State seeks review is the award of $750.00 in attorney's fees to Ms. Fairley as a result of the motion to compel. A judgment as to discovery matters is interlocutory because it determines only preliminary matters. *See* La. C.C.P. art. 1841; La. C.C.P. art. 2083(C); *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, 2015-0064, p. 7 (La.App. 4 Cir. 5/13/16), 194 So.3d 751, 756. Additionally, jurisprudence has routinely held "that judgments as to discovery matters, including those awarding attorney's fees, are interlocutory rather than final." *Gorvine v. Travelers Ins. Companies*, 1998-0287, p. 3 (La.App. 4 Cir. 11/18/98), 724 So.2d 248, 250 (citing *Broda v. Jack Sutton., Inc.*, 488 So.2d 226, 227 (La.App. 4th Cir. 1986); *Fontenot v. Opelousas General Hospital*, 525 So.2d 75 (La.App. 3rd Cir. 1988); *Winslow v. Goodyear Tire Co.*, 359 So.2d 699 (La.App. 1st Cir. 1978). As the February 1, 2022 judgment involved the award of attorney's fees as a result of a discovery matter, it is an interlocutory judgment.[3] Additionally, the trial court did not

---

[2] La. C.C.P. art. 1915(A)(6) also permits the appeal of a judgment that imposes sanctions or disciplinary action pursuant to La. C.C.P. arts. 191, 863, or 864. None of these codal articles are applicable to the February 1, 2022 judgment.

[3] The State asserts that in *Louis v. New Orleans City Park Improvement Ass'n*, 2022-0047 (La.App. 4 Cir. 5/4/22), 340 So.3d 143, this Court determined that an award for attorney's fees, as a result of a motion to compel, is a final appealable judgment. However, in *Louis* this Court did not explicitly make that determination. We noted that "[i]n the case *sub judice*, the district court's judgment is a final appealable judgment, as the award for attorney's fees is quantified with an amount of $500.00." *Id.*, p. 8, 340 So.3d at 148, n. 4 (citation omitted). The defendant initially filed a timely application for supervisory writs and subsequently voluntarily withdrew its writ application and timely filed a devolutive appeal. *Id.*, p. 3, 340 So.2d at 145-46. We also find

3

designate the judgment as a final appealable judgment. Accordingly, the proper procedural vehicle to seek review is through an application for supervisory writ, not an appeal. *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 2012-0906, 2012-0907, p. 4 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 562.

This Court has "exercised its discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ." *Id*. "However, we do so only when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal." *Id*., 2012-0906, p. 5, 155 So.3d at 563. In the case *sub judice*, the trial court's judgment was rendered (and the notice of signing of judgment mailed) on February 1, 2022. The motion for devolutive appeal was filed forty-five days later, on March 18, 2022. As the motion for devolutive appeal was filed beyond the thirty-day time period allowed for filing an application for supervisory writ, we decline to exercise our discretion to consider the State's motion for devolutive appeal as an application for supervisory writ. Accordingly, we dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED**

---

*Louis* distinguishable as a review of the record reveals that the defendant's motion for devolutive appeal sought review of the trial court's ruling on the motion to compel and the grant of attorney's fees. It was not until the defendants lodged their appeal that they presented the sole assignment of error for review as the district court's award of attorney's fees. In the case *sub judice*, the State's motion for appeal only sought review of the district court's ruling granting attorney's fees.