**CHRISTOPHER SMITH**           \*        **NO. 2025-CA-0301**

**VERSUS**                    \*

                                **COURT OF APPEAL**

**PIPES MILES BECKMAN**     \*

                                **FOURTH CIRCUIT**

                    \*

                                **STATE OF LOUISIANA**

                 \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-00392, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Nakisha Ervin-Knott)

Christopher W. Smith
ATTORNEY AT LAW
8515 Freret Street
New Orleans, LA 70118

       COUNSEL FOR PLAINTIFF/APPELLANT

Elizabeth A. Roussel
Sara C. Valentine
Taylor M. LeDuff
ADAMS & REESE, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

       COUNSEL FOR DEFENDANT/APPELLEE

                         **MOTION TO DISMISS APPEAL**
                         **GRANTED, APPEAL DISMISSED**

                              **OCTOBER 27, 2025**

JCL

DLD

NEK

This appeal arises from a termination of employment. Plaintiff/appellant, Christopher Smith, appeals a summary judgment granted in favor of defendant/appellee, Pipes Miles Beckman, LLC. For the reasons set forth below, we dismiss the appeal.

Christopher Smith ("Mr. Smith") is a former associate of the law firm of Pipes Miles Beckman, LLC. ("PMB"). PMB terminated his employment on December 9, 2024, and, six days later, issued him a final paycheck for all wages due through the date of discharge.

On January 14, 2025, Mr. Smith filed a motion for unpaid salary as a summary proceeding under La. R.S. 23:631 and La. R.S. 23:632, setting the matter for trial on a rule to show cause.[1] In his motion, Mr. Smith alleged that he had a contract of employment with PMB for a term through the end of the firm's 2024-2025 fiscal year and that he was terminated without cause, and he sought payment of the salary allegedly due for the remainder of the term of the contract, along with penalty wages and attorney's fees.

---

[1] An employee is granted the right to proceed against an employer for a wage claim via summary proceeding under La. R.S. 23:631(B).

1

On January 27, 2025, PMB filed a motion for summary judgment, wherein it asserted that Plaintiff was an at-will employee subject to dismissal at any time and that it had paid Mr. Smith's salary through the date of his termination. On January 30, 2025, Mr. Smith filed a petition for damages in the summary proceeding. In his petition, Mr. Smith reasserted his claim for unpaid salary and alleged additional claims, including fraud, defamation, breach of contract, and intentional infliction of emotional distress. On March 12, 2025, PMB filed an answer and affirmative defenses to the petition.

PMB's motion for summary judgment was heard on March 14, 2025. Following the hearing, the district court granted summary judgment in PMB's favor and dismissed Mr. Smith's claim for unpaid salary asserted in the summary proceeding. Mr. Smith filed a motion for devolutive appeal on March 17, 2025, and the order of appeal was signed on March 20, 2025. Thereafter, the district court issued a written judgment on March 25, 2025.[2]

After the appellate record was lodged in this Court, PMB filed a motion to dismiss appeal. PMB argues that the judgment being appealed is a partial judgment that does not fall into any of the categories of partial final judgments set forth in La. C.C.P. art. 1915(A), nor does it contain a designation that it is final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B)(1). As such, the

_____

[2] We note that the motion for appeal was filed prior to the rendition of the written judgment. Ordinarily, appeals may be taken only from a written, signed judgment. *See* La. C.C.P. art. 1911(A), (B), respectively, ("every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge"; "no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled"). However, if an appeal is filed before the signing of the judgment, the subsequent signing of the judgment cures any defect in the premature appeal. *Overmier v. Traylor*, 475 So.2d 1094, 1094-95 (La. 1985) (explaining that "once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal"); *see also Radhi v. Nguyen*, 22-01203, p. 1 (La. 8/15/22), 344 So.3d 62, 62.

judgment on appeal is not a final judgment and cannot be considered on appeal. We agree.

**DISCUSSION**

This court's appellate jurisdiction extends only to final judgments and interlocutory judgments expressly provided by law. La. C.C.P. art. 2083. Appellate courts have a duty to examine the issue of subject matter jurisdiction over a judgment, even if it is not raised by the parties. *CDW Servs., LLC v. City of New Orleans*, 24-0152, p. 2 (La. App. 4 Cir. 9/24/24), 399 So.3d 796, 799 (citing *Succession of Hickman*, 22-0730, p. 5 (La. App. 4 Cir. 3/15/23), 359 So.3d 584, 589). An appellate court has the authority to dismiss an appeal on its own motion or on motion of any party where the appellant has no right to appeal. *See Torregano v. Imperium Builders S., LLC*, 16-0644, p. 7 (La. App. 4 Cir. 2/15/17), 212 So.3d 638, 642.

Louisiana Code of Civil Procedure Article 1915(A) provides, in pertinent part, "A final judgment may be rendered ... even though it may not grant the successful party ... all of the relief prayed for, or may not adjudicate all of the issues in the case[.]" Further, La. C.C.P. art. 1915(A) lists partial judgments that are final, which includes when the trial court "(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)."

Under La. C.C.P. art. 966(E), "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." The summary judgment at issue does not dispose of the entire litigation. Rather, the district court

3

rendered summary judgment solely as to Mr. Smith's claim for unpaid salary asserted in the summary proceeding.

The summary judgment in this case was granted pursuant to La. C.C.P. art. 966(E), thus, it does not fall within the ambit of La. C.C.P. art. 1915(A). *See Cent. Bldg. Servs., LLC v. St. Augustine High Sch., Inc.*, 18-0427, p. 3 (La. App. 4 Cir. 10/17/18), 258 So.3d 103, 105 (noting that "if a *partial* summary judgment is granted on a particular issue, . . . then Article 1915 (A) does not apply") (emphasis in original); *see also Lirette v. Adams*, 22-0552, 22-0553, pp. 12-13 (La. App. 4 Cir. 1/31/23), 382 So.3d 122, 131 (noting that "if a partial summary judgment is granted on a particular issue or cause of action but does not dispose of the entire case as to that party, then La. C.C.P. art. 1915(A)(3) does not apply"). When summary judgment is granted pursuant to La. C.C.P. art. 966(E), it is a judgment to which the provisions of La. C.C.P. art. 1915(B) apply.

Louisiana Code of Civil Procedure Article 1915(B) provides:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.[3]

---

[3] Louisiana Code of Civil Procedure art. 1915(B) has recently been amended and no longer contains the above quoted language. *See* Acts 2025, No. 250, § 3. According to the Editor's Notes, the amended provisions to art. 1915 "shall have prospective application only and shall not

The judgment in this case, which adjudicated fewer than all claims, was not designated by the trial court as a final judgment after making an express determination that there was no just reason for delay. Accordingly, the judgment is not final for the purpose of an immediate appeal and is not properly before this court. *Texas Gas Expl. Corp.*, 11-0520, pp. 9-10 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059-60; *Lanclos v. State Farm Mut. Auto. Ins. Co.*, 23-575, pp. 4-5 (La. App. 3 Cir. 4/3/24), 386 So.3d 1143, 1146-47.

The proper procedural device to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. *Mandina, Inc. v. O'Brien*, 13-0085, p. 7 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 103-04 (citing *Delahoussaye v. Tulane Univ. Hosp. and Clinic,* 12-0906, 12-0907, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562). In certain circumstances, this court has exercised its discretion to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application. *Mandina*, 13-0085, p. 7, 156 So.3d at 104 (citing *Delahoussaye*, 12-0906, 12-0907, p. 4, 155 So.3d at 562). This court has exercised its discretion to do so when the following two circumstances both are present: (1) the motion for appeal has been filed within the 30-day period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and (2) when the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where the reversal of the trial court's decision would terminate the litigation. *Id.*,

---

apply to appeals and supervisory writs filed prior to" August 1, 2025. Consequently, the pre-amended version of La. C.C.P. art. 1915(B) is applicable in this case.

13-0085, pp. 7-8, 156 So.3d at 104 (citing *Delahoussaye*, 12-0906, 12-0907, pp. 4-5, 155 So.3d at 563).

Here, Mr. Smith filed his motion for devolutive appeal within thirty days of the district court's March 14, 2025 ruling from the bench, thereby satisfying the first prong of the *Mandina* test. However, the second prong is not satisfied under *Mandina*. Neither fundamental fairness nor judicial efficiency would be served by converting the appeal to an application for supervisory writ. An immediate decision will not terminate the litigation. Generally, appellate courts decline to exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Joseph v. Wasserman*, 17-0603, pp. 8-9 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 20-21 (citing *Cardon v. Chalmette Christian Acad.*, 06-0489 (La. 4/24/06), 926 So.2d 530)(other citations omitted). "[A]n adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review." *Urquhart v. Spencer*, 15-1354, p. 5 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1078 (citation omitted). Accordingly, we decline to exercise our discretion to convert this appeal to an application for supervisory writs. Consequently, we dismiss the appeal.

## CONCLUSION

Based on the foregoing, we grant the motion to dismiss and dismiss the appeal.

**MOTION TO DISMISS APPEAL**
**GRANTED, APPEAL DISMISSED**